UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELODY B.,

           Plaintiff,

      v.                                    **DECISION AND ORDER**
                                                          21-CV-432S
COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

        1.      Plaintiff Melody B.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since September 1, 2012, due to various pulmonary and orthopedic conditions involving her neck. Plaintiff maintains that she is entitled to disability benefits because her impairments render her unable to work.

        2.      This is the second time Plaintiff's case is in federal court. Plaintiff applied for disability benefits on December 6, 2012. Her application was denied initially and again before the ALJ, but on April 7, 2015, the Appeals Council reversed the ALJ's determination and remanded the case for further review and consideration of new evidence. After a second *de novo* hearing on remand, the ALJ again denied Plaintiff's claim, and the Appeals Council denied Plaintiff's request for review. Plaintiff thereafter appealed to federal court on July 7, 2017, with this Court subsequently remanding the case with specific instructions on January 17, 2019. See Bowe v. Comm'r of Soc. Sec., No. 17-CV-622S, 2019 WL 257931 (W.D.N.Y. Jan. 17, 2019).

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3. On remand, ALJ Timothy M. McGuan held a hearing on February 20, 2020. At the time of the hearing, Plaintiff was 56 years old with a limited education and past relevant work as a small parts assembler.  The ALJ considered the case *de novo* and, on March 5, 2020, issued a written decision denying Plaintiff's applications for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on March 4, 2021.

4. Plaintiff filed the current action on March 25, 2021, challenging the Commissioner's final decision.[2]  After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on May 9, 2022.  (Docket Nos. 12, 18-20.)  The Clerk of Court assigned the case here on October 3, 2022.  (Docket No. 21.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

5. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 405 (g).

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2)

---

[2] The ALJ's March 5, 2020 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence.").  In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).  Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

   7. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

8.  As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

9.  "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial

4

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

10. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § 404.1520.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

11. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

5

>perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

12.   The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

13.   In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff did not engage in substantial gainful activity between her alleged onset date (September 1, 2012) and her date last insured (March 31, 2016) (R. at 588[3]); (2) Plaintiff's asthma, chronic obstructive pulmonary disorder ("COPD"), emphysema, moderate foraminal stenosis in C4-6 with spinal stenosis and disk bulges, instability syndrome at C4-6, bilateral C6 radiculopathy, and status post anterior cervical discectomies with fusion at C4-6, were severe impairments within the meaning of the Act (R. at 588-89); (3) Plaintiff did not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P,

---

[3] Citations to the underlying administrative record are designated as "R."

Appendix 1 through the date last insured (R. at 589-90); (4) Plaintiff, through the date last insured, had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567 (b), except she could only occasionally be exposed to respiratory irritants (R. at 590-94); (5) Plaintiff could perform her past relevant work as a small parts assembler through the date last insured (R. at 594-95); and alternatively, (6) Plaintiff could perform jobs that exist in significant numbers in the national economy given her age, education, work experience, and RFC (R. at 595-96). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act at any time between September 1, 2012, and March 31, 2016. (R. at 586, 597.)

14. Plaintiff lodges a single challenge to the ALJ's decision: she argues that the ALJ's determination that she was under no period of disability between September 1, 2012, and March 31, 2016, is arbitrary and not supported by substantial evidence. In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed. This Court agrees with the Commissioner.

15. Plaintiff contends that the ALJ simply relied on the opinion of consultative internist Dr. Samuel Balderman, without considering the other medical evidence from the relevant time period, including that relating to her asthma and COPD. But the ALJ did in fact discuss and consider all objective medical evidence. He specifically discussed the evidence concerning Plaintiff's asthma and COPD, and he included an RFC limitation to accommodate them. (R. 591-92, 593.) He further canvassed and considered the objective evidence concerning Plaintiff's musculoskeletal complaints, most particularly her cervical spine, and again, he found that those conditions were accommodated by a

7

limitation to light work. (R. at 592-93.) The ALJ also weighed Plaintiff's subjective complaints against her admitted daily activities and found that her activities of daily living suggested a greater degree of functionality than she claimed. (R. at 591.)

16. In challenging the ALJ's determination, Plaintiff simply points to certain evidence in the record that she contends could support a finding that she was disabled for a qualifying period within the relevant timeframe. But the question on review is whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos, 516 F. Supp. 3d at 220. Here, the ALJ considered and adequately discussed the relevant evidence of Plaintiff's conditions, singly and in combination, and found that they were not disabling within the meaning of the Act, and fully explained his reasons for that finding. (R. at 590-97.) Other than disagreeing with the ALJ's assessment of the record evidence, Plaintiff offers no persuasive point of error. Thus, Plaintiff's argument boils down to a request to reweigh the evidence in her favor, which is not permitted. See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence); see also Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record). Plaintiff's argument is therefore rejected.

17. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 18) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 20) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: January 23, 2023
Buffalo, New York

s/Willliam M. Skretny
WILLIAM M. SKRETNY
United States District Judge